**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Henry J. Dukes, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:24-cv-01771-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sean Addison and Conway Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Henry Dukes, proceeding *pro se*, filed this § 1983 action against Sean Addison and the Conway Police Department. (ECF No. 1). With his complaint, was a motion for leave to proceed *in forma pauperis*. (ECF No. 2). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). The magistrate judge issued a Report and Recommendation, recommending Plaintiff's motion to proceed *in forma pauperis* be denied. (ECF No. 6). He also noted that, even if Plaintiff paid the full filing fee, Plaintiff's complaint appears subject to summary dismissal. *Id.* at 5, n.3. The undersigned issued an order, adopting the Report, denying the motion to proceed *in forma pauperis*, and granting Plaintiff additional time to pay the filing fee. (ECF No. 12). After Plaintiff paid the fee, (ECF No. 25), the magistrate judge issued another Report and Recommendation ("Report"), recommending this case be dismissed without prejudice and without issuance and service of process, (ECF No. 29). Plaintiff filed objections to the Report, (ECF No. 31), and this matter is ripe for review.

1

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report ***to which a specific objection*** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

**DISCUSSION**

Plaintiff, a convicted and sentenced state prisoner,[1] claims a violation of his Fourth Amendment rights due to being arrested with a "bare bones arrest warrant" that was issued without probable cause. (ECF No. 1 at 4, 5). He provides that, on November 3, 2007, Detective Addison obtained an arrest warrant using an affidavit containing conclusory statements that did not establish probable cause. *Id*. at 4. As a result of the allegedly insufficient warrant, Plaintiff was incarcerated, causing him to become depressed and develop post-traumatic stress disorder. *Id*. at 6. He seeks five million dollars for his injuries. *Id*.

Since Plaintiff claims he was arrested pursuant to a warrant that was not supported by probable cause, the magistrate judge construed Plaintiff's complaint as raising a malicious

---

[1] Plaintiff is serving a forty-seven-year murder sentence. South Carolina Department of Corrections Inmate Search, https://public.doc.state.sc.us/scdc-public/ (last visited April 17, 2025). The court takes judicial notice of the murder charge and associated filings in the Horry County General Sessions Court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (recognizing courts "may properly take judicial notice of matters of public record").

prosecution claim. (ECF No. 29 at 3). Relying on precedent from the Supreme Court of the United States, the magistrate judge explained that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction." *Id*. (quoting *Thompson v. Clark*, 596 U.S. 36, 49 (2022)). The prosecution in this case ended with a murder conviction; therefore, the magistrate judge concluded this action is subject to summary dismissal for failure to state a claim upon which relief may be granted. *Id.*

In his objections to the Report, Plaintiff contends the magistrate judge erred in construing his complaint as raising a malicious prosecution claim. (ECF No. 31 at 2). Instead, he provides he "is suing . . . because . . . [Defendant] violated his Fourth Amendment right to be free from unreasonable seizures by arresting him with a constitutionally defective warrant[,] not [for] false arrest or malicious prosecution." *Id*. Regardless of the label applied to Plaintiff's allegations, the court agrees with the magistrate judge that this case is subject to summary dismissal.

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. "A 'malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort.'" *Evans v. Chalmers*, 703 F.3d 636, 646 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause,[2] and (3) criminal proceedings terminated in plaintiff's favor." *Id.*

---

[2] "'[P]robable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

at 646. "'*Allegations that an arrest made pursuant to a warrant* was *not supported by probable cause*, or claims seeking damages for the period after legal process issued'—e.g., post-indictment or arraignment—*are considered a § 1983 malicious prosecution claim.*" *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (emphasis added).

> The Fourth Circuit explained:

> The distinction between malicious prosecution and false arrest in this situation is whether the arrest was made pursuant to a warrant. "As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, wrongful warrantless arrests typically resemble the tort of false arrest."

*Dorn v. Town of Prosperity*, 375 F. App'x 284, 286 (4th Cir. 2010) (quoting *Calero–Colon v. Betancourt–Lebron*, 68 F.3d 1, 4 (1st Cir. 1995)). *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (clarifying that "unlawful detention forms part of the damages for . . . malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process") (emphasis in original); *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (reiterating its previous holding "that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such an official can be pursued through a cause of action for malicious prosecution").[3]

When presented with allegations that an individual was arrested without probable cause due to false or misleading information supplied in a warrant application, courts have treated such

---

[3] *See also Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (clarifying "there is no such thing as a 'Section 1983 malicious prosecution' claim" and that what has been "termed a "'malicious prosecution' claim . . . is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution—specifically the requirement that the prior proceeding terminate favorably to the plaintiff").

5

claims as malicious prosecution claims. *See, e.g.*, *English v. Clarke*, 90 F.4ᵗʰ 636, 647-48 (4th Cir.

2024) (analyzing the appellant's claim that that he was unlawfully detained pursuant to a warrant

that was obtained using deliberately misleading information as a malicious prosecution claim);

*Humbert*, 866 F.3d at 555-561 (construing the appellant's § 1983 claim, which alleged his arrest

was unsupported by probable cause because it resulted from a materially false warrant application,

as a malicious prosecution claim); *Porterfield*, 156 F.3d at 570 (treating allegations that a warrant

was invalid due to being based on falsehoods as a malicious prosecution claim). Thus, as the

magistrate judge set forth in his Report, to prevail on his malicious prosecution claim, Plaintiff

must show that the criminal proceedings terminated in his favor. He cannot do so and does not

contend otherwise. Accordingly, to the extent Plaintiff's complaint can be construed as raising a

malicious prosecution claim, the court agrees with the magistrate judge's finding that Plaintiff's

complaint is subject to dismissal.[4]

---

[4] In maintaining his claim is not a malicious prosecution claim, Plaintiff cites to *Green v. Sanchez*, 21-cv-1376-RMG-MGB (D.S.C.), a § 1983 case pending in this district wherein the plaintiff argues the defendant used false information to obtain an arrest warrant. Plaintiff does not provide any explanation for why he cites this case or why he, presumably, believes this case alters the magistrate judge's findings and recommendations. As discussed, the court is not required to make arguments for a *pro se* litigant. Further, the orders in *Green* are not binding on this case. That said, out of an abundance of caution, the court has reviewed the filings in that case and finds these cases factually distinguishable.

When challenging the veracity of a warrant application, the party must show that the officer deliberately or with a "reckless disregard for the truth" made materially false statements in the warrant application, *Franks v. Delaware*, 438 U.S. 154, 171 (1978), or omitted "material facts with the intent to make, or with reckless disregard of whether they thereby made, the [application] misleading." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990). False statements or omissions are material if they are necessary to the finding of probable cause. *Humbert*, 866 F.3d at 556. *See Fox v. Lemon*, 911 F.2d 722, 1990 WL 116561 *2 (4th Cir. 1990) (determining "[a] police officer can only be found liable under § 1983 for causing an unconstitutional arrest if 'the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable'") (quoting *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986), which stated "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable . . . will the shield of [qualified] immunity be lost").

## CONCLUSION

For the reasons set forth herein, the court **ADOPTS** the magistrate judge's findings and recommendations in the Report at ECF No. 29. This action is, therefore, dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 18, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

Unlike in *Green*, Plaintiff does not allege Defendant deliberately or with reckless disregard supplied false or misleading, material information to the official who issued the warrant. Nor does he allege Defendant omitted or withheld information that would have impacted the official's probable cause determination. Also absent from the complaint is any allegation that it was unreasonable for either Defendant or the official to believe probable cause did not exist to issue the warrant. Instead, Plaintiff merely alleges that Defendant obtained the warrant with "conclusory statements." Accordingly, even if Plaintiff's claim falls outside the scope of a malicious prosecution claim and its requirement that the criminal proceedings must have terminated in Plaintiff's favor, Plaintiff's complaint is still subject to dismissal for failure to state a claim upon which relief may be granted.

Finally, to the extent his complaint could be construed as raising a false arrest claim, such a claim is also subject to dismissal because a false arrest claim cannot be brought when a plaintiff has been arrested pursuant to a warrant. *Porterfield*, 156 F.3d at 568 (recognizing "implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained").